[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 33, and the defendant wife, 32, whose birth name is Beddington, married on April 20, 1991 in Stamford Connecticut. The plaintiff resided in this state for more than one year prior to bringing this action for dissolution by writ and complaint dated February 29, 1996, served in hand the same day, returned to court on March 6, 1996, thereby providing this court with jurisdiction. Two children have been born to the parties since the marriage: Stephanie Nicole born March 11, 1993 and Christopher James born April 24, 1995. The parties have agreed on custody and visitation. The court accepted their stipulation and will incorporate the terms in the judgment.
The plaintiff has been a truck driver working for various employers during the marriage. He currently is employed by Pasiak Trucking as a driver earning $16.00 hourly. He lists $640 weekly gross and $576 weekly net on his financial affidavit. He acknowledged earning overtime during the summer.
The defendant has previously been employed as an administrative secretary, more recently as a waitress, and currently as a driver for a florist. She lists $150 weekly gross and $132.52 net on her financial affidavit.
The parties were renting a house from the plaintiff's parents. Because of the plaintiff's mother's death on June 8, 1993, the parties were able to acquire the deceased's interest with the cooperation of the plaintiff's father since the property was refinanced to raise the funds to pay the plaintiff's mother's estate. The State of Connecticut had a lien on the deceased's interest. The transaction was completed by deed dated April 13, CT Page 5360 1995 for $85,000 conveying an undivided one-half interest to the parties as joint tenants, (Plaintiff's Exhibit #4).
The plaintiff valued the entire property at $200,000 subject to a mortgage balance of $98,845. The defendant, who was pro se at the time of trial, failed to value the property but she does own a 25% interest. The property had been appraised in 1994 for $170,500, presumably to obtain approval of the sale from the Probate Court, (Plaintiff's Exhibit #6). Although not a party to this action, the plaintiff's father testified that he is willing to cooperate in bringing about a sale of the property. Another reason for his anticipated cooperation is the fact that he burdened his own home with a $20,000 equity loan, delivering the proceeds to the parties to enable them to catch up on their debts.
The plaintiff vacated the home in May, 1996. The defendant and the children have continued to occupy it.
The parties' marriage was tumultuous. Each made accusations of drug use. The defendant accused the plaintiff of physical abuse. The court finds this claim credible for the defendant moved to her mother's for one week.
The marriage was strained when the plaintiff's brother, the brother's wife and family moved into the parties' house for several months. The defendant's mother later on also lived at the parties' home for almost a year further straining the parties' relationship. The plaintiff described the pattern of the defendant who failed to return home after her evening waitress work. The defendant did not deny this but attributed it to her unhappiness growing from the breakdown she perceived as beginning after the birth of the younger child. Both parties agreed that the breakdown began in 1993 when the parties argued continuously. The breakdown became irretrievable when the plaintiff discovered the defendant had begun a romantic relationship with her employer. It is difficult for the court to conclude that the affaire de coeur was the sole cause of the breakdown since the plaintiff acknowledged the breakdown began in 1993. Many causes led to the marriage breakdown. The defendant's infidelity was the final cause of the irretrievable breakdown. For these reasons, the court will not award any periodic alimony to the defendant.
Although the plaintiff listed Kaiser Permanente as the health insurance carrier for himself and the two children, the carrier had cancelled the coverage due to his failure to pay premiums. He CT Page 5361 testified he has another application pending for coverage which will include dental coverage. He also lists a life insurance policy written by Allstate on his life for $50,000. The plaintiff lists no other assets except a checking account. The defendant lists no assets except for a 1986 Beretta auto valued at $1,200 and a checking account. She has the use of her employer's vehicle.
The parties have both jointly and solely incurred debts which the court will address in the orders infra.
Both parties are in good health.
The court, having reviewed the evidence, including the various witnesses' credibility, in light of the statutory criteria and relevant case law, enters judgment on the first count of the plaintiff's complaint and dismisses the second, third and fourth counts and the defendant's cross-complaint, and, as part of the judgment, enters the following orders.
1. The parties are awarded joint legal custody of their two children, with physical custody given to the defendant and reasonable visitation to the plaintiff.
2. The plaintiff shall pay child support to the defendant in the weekly amount of $212.00 ($710 = $262 x 81%). First payment shall be due on May 9, 1977. A contingent wage withholding order is entered.
3. The plaintiff shall name the two children as equal primary beneficiaries on the Allstate life insurance policy until the younger attains 18 years of age. He shall produce proof to the defendant that the policy remains in effect upon her request.
4. The plaintiff shall cover the children on the policy of medical and dental insurance he has applied for at his sole expense. Until the policy becomes effective he shall be solely responsible for any emergency hospital, medical or dental treatment needed to be provided the minor children. The provisions of §46b-84 (d) are incorporated in this order.
5. The parties' interests in 51 McClean Avenue, Stamford are ordered sold. Since the plaintiff's father agreed to cooperate, the property is ordered listed with a broker at a price reached after discussion with the listing broker. Since the defendant and her children are occupying the property, no lock box shall be used. CT Page 5362 Any disputes regarding listing, showing or selling shall be brought to court for jurisdiction is retained for articulation of orders.[1]
Upon completion of the sale the proceeds remaining, after payment of commission, closing costs and expenses, payment of the mortgage balance and tax adjustments and fees, shall be distributed as follows:
 a. Joseph Kyek, the plaintiff's father shall be paid $50% of said net proceeds;
b. Chase Bank home equity loan balance shall be paid;
 c. the remaining balance shall be equally divided between the parties.
6. Until the house is sold, the plaintiff shall be responsible for her own utility bills and 25% of the monthly mortgage payment. The plaintiff shall be responsible for 75% of said monthly payment.
7. Each party shall be solely responsible for the liabilities each has listed on their respective financial affidavits.
8. No periodic alimony is awarded.
9. The defendant shall retain the 1986 Chevrolet Beretta and her checking account.
10. The plaintiff shall retain his checking account.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.